**The PEOPLE of the State of
Colorado, Petitioner,**

v.

**Germaine RIGGS # 80CR478 Benancio
Hernandez # 80CR598 Russell Turner
# 80CR544, Respondents.**

**No. 81SC2.**

Supreme Court of Colorado,
En Banc.

Oct. 26, 1981.

Alexander M. Hunter, Dist. Atty., Joan Friedland, Deputy Dist. Atty., Boulder, for petitioner.

Harry J. Holmes, Carol J. Huber, Longmont, for respondents Riggs and Turner.

Benancio Hernandez, not appearing by counsel.

ERICKSON, Justice.

The Boulder County Court suppressed the results of intoxilyzer tests given to three defendants, who were charged in separate cases with driving under the influence of intoxicating liquor.[1] Section 42–4–1202, C.R.S.1973. The prosecution appealed the suppression orders which are before us to the district court. The district court affirmed the county court. We granted certiorari to review the suppression of the results of the intoxilyzer breath sample test. We reverse the suppression orders in all three cases and remand to the district court with directions to return the cases to the Boulder County Court for trial on the merits consistent with the views expressed herein.

Pursuant to the implied consent statute, all three defendants provided the police with a breath sample. Section 42–4–1202, C.R.S.1973.[2] The breath sample was tested for alcoholic content in an intoxilyzer. In all three cases the intoxilyzer measured the alcoholic content of the breath sample, and the result was suppressed because a second breath sample was not obtained from the defendants. Both the county court and the district court misinterpreted our opinion in *Garcia v. People*, 197 Colo. 38, 589 P.2d 924 (1979). The destructive testing procedures involved in *Garcia v. People, supra,* were tied to the breathalyzer and the gas chromatograph, and required that a separate sample be obtained from the accused so that an independent test could be made by the accused. Both the breathalyzer and the gas chromatograph destroy the breath sample in ascertaining its blood alcohol content. For that reason a separate sample is required when either the gas chromatograph or the breathalyzer is used.

---

1. *People v. Riggs* (Riggs), *People v. Turner* (Turner), and *People v. Hernandez* (Hernandez).

2. Section 42–4–1202 provides, in pertinent part:

   "*Driving under the influence—implied consent to chemical tests—penalties.*

   "(1)(a) It is a misdemeanor for any person who is under the influence of intoxicating liquor to drive any vehicle in this state."

   \* \* \* \* \* \*

   "(2) In any prosecution for a violation of subsection (1)(a) or (1)(b) of this section, the amount of alcohol in the defendant's blood at the time of the commission of the alleged offense or within a reasonable time thereafter, as shown by chemical analysis of the defendant's blood, urine, or breath, shall give rise to the following presumptions:"

   \* \* \* \* \* \*

   "(c) If there was at such time 0.10 percent or more by weight of alcohol per volume in the defendant's blood, it shall be presumed that the defendant was under the influence of alcohol."

The record contains the following stipulations: The appropriate procedures were followed in obtaining the breath samples on the intoxilyzer; only one breath test was administered to each defendant and the alcoholic contents of the breath sample taken was preserved; testimony was given in the *Riggs* suppression hearing regarding the underlying theories of operation and the procedures followed in an intoxilyzer test, which established a record for the motions to suppress in the *Hernandez* and *Turner* hearings.

A number of different devices have been manufactured for the purpose ascertaining the blood alcohol content of breath samples. *Garcia* involved two different devices, the breathalyzer and the gas chromatograph. The ampoule used in the breathalyzer test absorbs the alcohol contained in the breath sample and changes color in a chemical reaction to alcohol. The amount of color change caused by the alcohol in the breath sample is measured by a photoelectric cell and compared to a standard (reference) ampoule. The results of the measurement are reflected on a gauge which shows the blood alcohol content of the breath sample.

In a gas chromatograph test a breath sample is mixed with an inert gas. The mixture is then burned in a hydrogen flame which is surrounded by an electrical field. The ions formed by the combustion of the breath-gas mixture cause a variance in the charge of the electrical field. The variance is measured, recorded and compared with a standardized form resulting in a determination of the blood alcohol content of the breath sample.

The record before us reflects that the intoxilyzer differs from the tests in *Garcia* in that it utilizes infrared photometrics. A quantity of a breath sample is trapped in a chamber. A beam of light is then passed through the chamber by a series of mirrors. A portion of the light wave is absorbed by the alcohol present in the breath sample. The light absorption is then measured and results in a reading of the blood alcohol content of the breath sample. Upon completion of the analysis, the breath sample is pumped through a tube containing silica gel. The silica gel acts as a chemical absorbent which absorbs the alcoholic content of the breath sample. The tube containing the gel is preserved for later testing and is available for use by defense experts. *See R. Erwin, Defense of Drunk Driving Cases* § 24A.01 (3d ed. 1981).

Our holding in *Garcia* was dictated by the destructive testing methods which were before us in that case. The intoxilyzer, however, does not destroy the alcoholic content of a breath sample in the course of analysis. The method of preservation of the alcoholic contents of a breath sample utilized in the intoxilyzer test meets the requirements of *Garcia*.

Accordingly, we reverse the suppression orders in *People v. Riggs, People v. Hernandez*, and *People v. Turner*, and remand to the district court with instructions to return the cases to the county court for trial on the merits consistent with the views expressed in this opinion.